**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Jose ALFARO, aka Shyboy; et al.,**
**Defendants—Appellees,**

and

**Edwin Arias, aka Enano;**
**et al., Defendants,**

v.

**The Associated Press, Movant.**

No. 10–50276.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2011.

Filed Jan. 11, 2012.

Elizabeth Carpenter, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Abigail Evans, Esquire, Xochitl Arteaga, Assistant U.S., Daniel Benjamin Levin, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

James Pernell Cooper, III, Esquire, James P. Cooper III Attorney at Law, Anthony M. Solis, Anthony M. Solis, APLC, Thomas W. Kielty, Law Offices of Thomas W. Kielty, Thomas Nishi, Law Offices of Thomas Nishi, Ellen Barry, Law Offices of Ellen M. Barry, Jay Lawrence Lichtman, Esquire, Stephen G. Frye, Los Angeles, CA, Philip Deitch, Esquire, Law Office of Philip Deitch, Van Nuys, CA, Dominic Cantalupo, Esquire, Law Office of Dominic Cantalupo, Stephanie Ames, Esquire, The Law Office of Stephanie Ames, Jeff Dominic Price, CJA Panel, Santa Monica, CA, Michael J. Treman, Esquire, Michael J. Treman Attorney at Law, Santa Barbara, CA, Mark Fleming, Law Office of Mark Fleming, San Diego, CA, Gregory Nicolaysen, Encino, CA, Dale Michael Rubin, Esquire, Law Office of Dale Michael Rubin, San Marino, CA, Kerry Randall Bensinger, Bensinger Ritt Tai & Thvedt, LLP, Pasadena, CA, Craig Wilke, Santa Ana, CA, for Defendants–Appellees.

Ronald Daniel Hedding, Jr., Esquire, Encino, CA, for Defendant.

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

The government appeals the district court's order conditionally striking portions of the indictment related to an alleged conspiracy by members and associates of the Mara Salvatrucha ("MS–13") gang to murder Los Angeles Police Department Detective Frank Flores. We reverse.

1. We have jurisdiction pursuant to 18 U.S.C. § 3731 over the government's interlocutory appeal of the district court's pretrial order striking portions of the indictment. Although the district court's order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

is conditional, we have previously found that § 3731 provides jurisdiction over conditional orders, such as those suppressing evidence. *See, e.g., United States v. Hoffman,* 794 F.2d 1429, 1431 n. 2 (9th Cir. 1986). Because the jurisdictional scope of § 3731 was broadly intended to encompass "virtually all adverse rulings in criminal cases," we may properly hear this appeal. H.R.Rep. No. 107–685, at 165 (2002) (Conf. Rep.).

2. The district court lacked authority to strike the portions of the RICO charge involving an alleged conspiracy to murder Detective Flores, should the government decide to call him as an expert witness on MS–13 at trial. Though we recognize the district court's concerns about expert witness testimony elicited from witnesses in multiple capacities, *see United States v. Freeman,* 498 F.3d 893, 902–04 (9th Cir. 2007), as an incident of the constitutional separation of powers, charging decisions are generally the prerogative of the prosecutor. *United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996); *United States v. Hall,* 559 F.2d 1160, 1164 (9th Cir.1977) (citing *United States v. Real,* 446 F.2d 40, 41 (9th Cir. 1971)); *United States v. Olson,* 504 F.2d 1222, 1225 (9th Cir.1974).

REVERSED.